UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK KELLETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:10CV1747-SNLJ |
| v. ) | |
| ) | |
| ACCURATE BACKFLOW SYSTEMS, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF DANIEL P. MURPHY

Comes now Daniel P. Murphy and states under oath:

1. I am the Executive Director of the Plumbers and Pipefitters Welfare Educational Fund ("Welfare Fund") and the Plumbers and Pipefitters Pension Fund ("Pension Fund").

2. The Welfare Fund provides, among other things, medical and health benefits to eligible employees and their families. The Pension Fund, as well as the Plumbers and Pipefitters Local 562 Supplemental Pension Plan and Trust, provides pension benefits to eligible employees.

3. The Trustees of the Plumbers and Pipefitters Funds are Patrick Kellett, John O'Mara, Mark Collom, John Eilerman, Elmo O'Neill, Mark Morgan, Neil G. Haberberger, James Murphy, Joseph Beetz, and Robert C. Mitchell.

4. Exhibit 1 hereto is the collective bargaining agreement with Plumbers and Pipefitters Local 562 effective through June 30, 2010 to which Accurate Backflow Systems, LLC ("Accurate") is bound by virtue of its membership in the Plumbing Industry Council, as reflected on Exhibit 2.

5. Exhibit 3 hereto is a draft of the collective bargaining agreement with Plumbers and Pipefitters Local 562 effective from July 1, 2010 through June 30, 2015. (The final version has not

yet been prepared.) As with the prior contract, Accurate is bound by this agreement because of its membership in the Plumbing Industry Council.

      6.      The collective bargaining agreements require employers to remit monthly reports reflecting the hours worked by its employees. See Articles 15 and 16 of Exhibits 1 and 3. These contributions are due by the 15th of the following month.

      7.      The collective bargaining agreement effective through June 30, 2010 (Exhibit 1) provided that an employer who fails to pay the contributions owed or fails to cooperate in an audit is obligated to pay:

> (a) liquidated damages equal to $2.00 for each day of delinquency up to a maximum of $40.00 for any one month of delinquency, plus two (2%) percent per month, or any fraction of as month, of the unpaid amount starting from the first day of such delinquency and ending when such delinquency is paid in full; (b) payment of all reasonable attorney's fees, court costs, audit costs, and other reasonable expenses incurred in the collection of such delinquency and liquidated damages or in the enforcement of any other duty required under this Section 4; (c) payment to any employee affected by such delinquency of a sum equal to the value of any benefits lost by such employee by reason of Employer's delinquency; (d) reimbursement to the Fund for the cost or value of any benefits which may be made available by the Trustees to any employee affected by the failure of the Employer to contribute or properly report to the Fund.

See Articles 15 and 6 of Exhibit 1.

      8.      The collective bargaining agreement effective from July 1, 2010 and thereafter provides that:

> An Employer who fails to make full and/or timely payment(s) to the Funds or fails to submit accurate reports in such time as the Funds require shall be deemed delinquent. A delinquent Employer shall be liable for unpaid contributions, interest on the unpaid contributions at seven per cent (7%), liquidated damages of twenty per cent (20%), costs incurred by the Funds in collecting the delinquent contributions or enforcing the Funds' right to receive timely and accurate

2

reports and reasonable attorney fees. The Employer agrees that "reasonable" attorney fees means such hourly fee rate charged the Funds by Counsel in representing the Funds, at any stage, in enforcing the obligation of the Employer under this contract and the Employee Retirement Income Security Act to make contributions and submit timely accurate reports.

9. Accurate submitted contribution reports without payment for the months of April, May, June, July, August, September and October 2010. Copies of these reports are attached hereto as Exhibit 4.

10. The reports submitted by Accurate without payment for the above-referenced months reflect that a total of $25,416.08 is owed in delinquent contributions. (See Exhibit 5 hereto.)

11. Accurate owes liquidated damages of $1,120.00 and interest in the amount of $1,817.26 on the fringe benefit contributions referenced in paragraph 10, above. (See Exhibit 5 hereto.)

12. Accurate also failed to remit union dues in the amount of $268.54 for the month of October 2010. (See Exhibit 6 hereto.)

13. The total owed by Accurate in delinquent contributions, liquidated damages, interest and union dues is $28,621.88.

Further affiant sayeth not.

_____
DANIEL P. MURPHY

Subscribed and sworn to before me this  30  day of  November  2010.

MICHAEL V. HEPBURN
Notary Public-Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: June 27, 2012

_____
NOTARY PUBLIC

3

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax: (314) 727-6804


_/s/ Greg A. Campbell_
GREG A. CAMPBELL #2774

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically filed with the Court on Dec. 29, 2010 and a copy has been mailed to the following non-participant in e-filing: Accurate Backflow Systems, LLC, 3853 S. Broadway, St. Louis, MO 63118.

_/s/ Greg A. Campbell_